```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Dana J. Miller,                  :

       Plaintiff,                :

   v.                            :     Case No. 2:09-cv-0674

Countrywide Home Loans, et al., :       JUDGE SARGUS

       Defendants.               :
```

ORDER

This matter is before the Court to consider the motion to stay discovery filed by defendants Countrywide Home Loans and Mortgage Electronic Registration Systems.  Also before the Court is a motion to compel discovery filed by plaintiff Dana J. Miller.  For the following reasons, the motion to stay will be granted and the motion to compel will be denied as moot.

I.  Background

This case arises from a state foreclosure action in which judgment was entered in favor of Countrywide and against Mr. Miller.  In the foreclosure action, the trial court held that Countrywide was entitled to judgment on a note and mortgage executed by Mr. Miller on March 21, 2006.  Mr. Miller made several filings in the foreclosure action raising a variety of issues relating to Countrywide's alleged conduct in connection with both the solicitation of Mr. Miller's mortgage and the foreclosure proceeding itself.  Among those issues were Mr. Miller's claims that Countrywide had (1) committed fraud by submitting false documents to the court in an effort to unlawfully take his property, (2) violated the Truth in Lending Act, (3) committed mail fraud, (4) violated federal RICO statutes,  (5) violated the Fair Debt Collection Practices Act, (6) violated the Unfair and Deceptive Trade Practices Act, and

(7) engaged in predatory lending. Following an oral hearing, the trial court, construing all of Mr. Miller's filings as motions, denied them by judgment entry dated April 21, 2009. Mr. Miller did not file an appeal.

In his amended complaint filed in this Court, Mr. Miller has named four defendants and asserts eight specific claims. The named defendants in addition to Countrywide and MERS include Quantum Appraisal Company, Inc. and Carlisle, McNellie, Rini, Kramer & Ulrich Co. L.P.A. The claims relate to the defendants' conduct in connection with Mr. Miller's mortgage and the foreclosure proceedings. These claims include (1) fraud, (2) violations of the Truth in Lending Act, (3) predatory lending, (4) fraudulent concealment, (5) violations of the Fair Debt Collection Practices Act, (6) violations of the Ohio Deceptive Trade Practices Act, (7) wire and mail fraud, and (8) violations of RICO. All defendants have filed motions to dismiss with the exception of Quantum. Mr. Miller, however, has moved to dismiss Quantum based upon what he has characterized as new information.

In the motion to dismiss filed by Countrywide and MERS, they contend that the claims Mr. Miller has asserted against them fail on grounds of res judicata, collateral estoppel, or the *Rooker-Feldman* doctrine based on the state court's decision in the foreclosure action. The remaining defendant, Carlisle, has moved to dismiss on grounds that many of the allegations of the amended complaint are not directed to it. To the extent that any claims may be construed as being asserted against Carlisle, it claims that Mr. Miller has failed to plead them properly.

In light of their motion to dismiss, Countrywide and MERS seek a stay of all discovery pending the Court's ruling. Mr. Miller has not opposed the motion to stay but has filed a motion to compel directed to Countrywide. Through his motion to compel, Mr. Miller seeks six separate sets of documents relating to his

Countrywide account. Countrywide opposes the motion to compel citing both the pending motion to stay and Mr. Miller's alleged failure to certify his good faith extrajudicial efforts to resolve any discovery dispute. Because a stay of discovery would effectively moot Mr. Miller's motion to compel, the Court will address the motion to stay first.

## II. Law

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. Marrese v. American Academy of Orthopaedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983), vacated 726 F.2d 1150 (7th Cir. 1984) (en banc), rev'd on other grounds 470 U.S. 373 (1985). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. Id.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is

3

> directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990). See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery...."). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion. It is with these standards in mind that the motion for a stay of discovery will be considered.

### III. Analysis

When considering a motion to stay discovery, it is not necessarily the duty of the Court, to make a precise prediction about the defendants' chances of prevailing on Rule 12(b)(6) motions to dismiss. Shanks v. Honda of America Mfg., 2009 WL 2132621 (S.D. Ohio July 10, 2009). However, after reviewing Mr. Miller's complaint, the Court is not convinced that there is a strong likelihood his claims will survive the motions to dismiss.

As Countrywide and MERS assert, the claims Mr. Miller raises before this Court involve the same issues he raised in his various filings in the state court foreclosure proceeding. As noted above, the state court construed Mr. Miller's filings as motions and, following oral argument, denied all of them. In light of the state court decision, it may well be that many, if not all, of Mr. Miller's claims are barred by some procedural doctrine.

Under these circumstances, the Court finds that it is a better exercise of discretion to grant a brief stay of discovery pending the resolution of the motions to dismiss. Also significant to the Court in reaching this conclusion is the fact that Mr. Miller has not indicated any hardship he will suffer from a delay of any discovery. Further, the Court presumes that the documents at issue are being preserved and can be produced with little difficulty, and expeditiously, should the motions to dismiss be denied. It is also true that several of Mr. Miller's causes of action, including those alleging fraud or RICO violations, have the potential to place a discovery burden on the defendants. Finally, the motions to dismiss have been fully briefed and there should be no lengthy delay in their resolution. For all of these reasons, although the issue is a close one, the Court will grant the motion to stay discovery.

Finally, the Court notes that Mr. Miller did not certify any extrajudicial means he undertook to resolve any discovery issues prior to filing his motion to compel as required by Local Civil Rule 37.1. However, in light of the Court's decision to stay discovery, and in light of the defendants' position that no discovery should go forward at this time, the motion to compel will be denied as moot rather than on other grounds.

## IV. Disposition

For the foregoing reasons, the motion to stay discovery

(#35) is granted.  The motion to compel (#36) is denied as moot.

### V. Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge